UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RANDAL LICARI, | : | |
| Plaintiff, | : | PRISONER CASE NO. |
| | : | 3:13cv723(JCH) |
| v. | : | |
| | : | |
| ROBERT TRESTMAN, et. al., | : | JULY 12, 2013 |
| Defendants. | : | |

INITIAL REVIEW ORDER RE AMENDED COMPLAINT

In response to the Initial Review Order, the plaintiff has filed an Amended Complaint. He names as defendants: Omprakash Pillai, Daniel Bannish, M. Marcial, Alexis Gendall, Connie Weiskopf, Pam Provender, Rachel Lightner, Erica Roman, fifteen John and Jane Doe defendants and Marco Molina. The plaintiff alleges that the defendants have denied him constitutionally adequate medical care and retaliated against him for filing grievances and lawsuits.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id. In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[ ]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal,

556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

**I.     ALLEGATIONS**

The plaintiff alleges that he first discovered a lump on his right testicle on November 25, 2008, while he was confined at Garner Correctional Institution. Fifty-two days after his initial complaint, the plaintiff was taken to the UCONN Medical Center where he underwent an ultrasound of his testicles. On January 20, 2009, a doctor told the plaintiff that the tests indicated that he had bilateral hydroceles, but that the doctors would not operate because they feared it might spread. The plaintiff continued to complain that urination was difficult and painful and that he was unable to sleep or walk normally because of the pain, but he received no further treatment. On March 15, 2010, the plaintiff was transferred to MacDougall-Walker Correctional Institution. The plaintiff continued to file requests and grievances seeking medical care. Defendant Dr. Pillai saw the plaintiff in November 2011, but did not examine him or provide any treatment. The plaintiff continued to file requests and on February 2, 2012, returned to UCONN Medical Center for another ultrasound. The diagnosis was r scrotal pain, enlargement of the right epididymal cyst, and mild right hydrocele. The doctor recommended a follow-up exam in 6-12 months to ensure stability of the cyst. On February 14, 2012,

defendant Roman, the Utilization Review scheduler, sent a red-flagged "UR request response" to Dr. Pillai noting that the testicular lump was increasing in size.

On March 22, 2012, Dr. Pillai reported to the plaintiff that there were polyps growing on his testicles that could become cancerous. On April 18, 2012, Dr. Pillai told the plaintiff that he would receive no further treatment because he filed complaints about his medical care. The plaintiff has written numerous medical requests to defendants Nurse Provender and Nurse Lightner seeking treatment, as well as a letter to defendant Marcial. Defendants Dr. Gendall and Dr. Weiskopf were aware of the medical reports and the plaintiff's condition, but they took no action to ensure that he received treatment. In February 2013, defendant Dr. Molina issued a report on Licari's condition to Dr. Pillai.

## II.   ANALYSIS

In the Initial Review Order, the court determined that the plaintiff had included sufficient allegations only against defendant Pillai. The plaintiff was permitted to amend his Complaint to include facts supporting claims against defendants Bannish, Marcial, Dr. Gendall, Dr. Weiskopf, Nurse Provender, Nurse Lightner, Roman and the Does. In the Amended Complaint, the plaintiff also includes one new defendant, Dr. Molina.

All of the plaintiff's claims are premised on his contention that the defendants denied him needed medical care. However, the facts alleged in the Amended Complaint, are insufficient to state a claim against Dr. Molina or Roman because neither were in a position to provide Licari medical care. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) ("The Eighth Amendment also applies to prison officials when they

3

provide medical care to inmates."). Licari only alleges that Dr. Molina, a physician working at the University of Connecticut Health Center, issued a report to Dr. Pillai on February 4, 2013. The plaintiff does not allege that Dr. Molina actually treated him or that he was even allowed to treat him without a referral from a physician working at the correctional facility. As to defendant Roman, a Utilization Review scheduler, Licari only alleges that he forwarded a report to Dr. Pillai, which noted that Licari's lump was growing in size. Licari does not allege that Roman was in a position to provide medical care or that he was allowed to schedule treatment not ordered by a physician. Absent such facts, there is no factual basis for a claim that Dr. Molina or Roman were deliberately indifferent to Licari's serious medical needs.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     All claims against defendants Roman and Dr. Molina are **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a cognizable claim.

(2)     The **Clerk shall** verify the current work addresses for defendants Daniel Bannish, M. Marcial, Alexis Gendall, Connie Weiskopf, Pam Provender and Rachel Lightner with the Department of Correction Office of Legal Affairs, and mail a waiver of service of process request packet containing the Amended Complaint to each defendant at his or her confirmed address within **fourteen (14) days** of this Order. The Clerk shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the

defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     The **Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the Amended Complaint on defendants Bannish, Marcial, Gendall, Weiskopf, Provender and Lightner in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **fourteen (14)** days from the date of this Order and to file a return of service within **twenty (20)** days from the date of this Order.

(4)     The **Clerk shall** send a courtesy copy of the Amended Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     **The defendants shall** file their responses to the Amended Complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this Order.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order. Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this Order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a

dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, indicate the case numbers in the notification of change of address. The plaintiff also should notify the defendant(s) or the attorney for the defendant(s) of his new address.

**SO ORDERED.**

Dated this 12th day of July 2013, at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge